NO. 07-03-0005-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MARCH 15, 2004



______________________________




ALBERTO GEORGE BARRON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF SWISHER COUNTY;



NO. B 3664-0111; HONORABLE ED SELF, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

ORDER OF ABATEMENT AND REMAND


 Appellant Alberto George Barron has given notice of appeal from a conviction and
sentence in Cause No. B 3664-0111 in the 242nd District Court of Swisher County, Texas
(the trial court). The appellate court clerk received and filed the trial court clerk's record
on April 9, 2003, and received and filed the trial court reporter's record on October 15,
2003. 

 This court has granted two extensions of the time for filing appellant's brief. The
brief was due on January 23, 2004, pursuant to the most recent extension of time granted
for filing of the brief. On February 24, 2004, the appellate clerk sent appellant's counsel
a letter requesting the status of the appellant's brief. A response to that letter was to be
filed no later than March 9, 2004. There has been no response to that letter. The clerk's
record reflects that appellant's counsel is retained, not appointed.

 The series of motions to extend time for filing of appellant's brief, which has not
been filed as of the date of this order, warrants remand of this matter to the trial court for
determination of what measures would be appropriate to assure diligent pursuit of the
appeal. 

 Accordingly, this appeal is abated and the cause is remanded to the trial court. Tex.
R. App. P. 38.8(b)(2). Upon remand, the judge of the trial court is directed to immediately
cause notice to be given of and to conduct a hearing to determine: (1) whether appellant
desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, whether
appellant has knowledge of and concurs in the delay in filing of his appellate brief to the
extent that any sanctions for delay in filing of appellant's brief would be appropriately
assessed against appellant; and (3) what orders, if any, should be entered to assure the
filing of appropriate notices and documentation to dismiss appellant's appeal if appellant
does not desire to prosecute this appeal, or, if appellant desires to prosecute this appeal,
to assure that the appeal will be diligently pursued. If the trial court determines that the
present attorney for appellant should be replaced, the court should cause the clerk of this
court to be furnished the name, address, and State Bar of Texas identification number of
the newly-appointed or newly-retained attorney. 

 The trial court is directed to: (1) conduct any necessary hearings; (2) make and file
appropriate findings of fact, conclusions of law and recommendations, and cause them to
be included in a supplemental clerk's record; (3) cause the hearing proceedings to be
transcribed and included in a supplemental reporter's record; (4) have a record of the
proceedings made to the extent any of the proceedings are not included in the
supplemental clerk's record or the supplemental reporter's record; and (5) cause the
records of the proceedings to be sent to this court. Tex. R. App. P. 38.8(b)(3). In the
absence of a request for extension of time from the trial court, the supplemental clerk's
record, supplemental reporter's record, and any additional proceeding records, including
any orders, findings, conclusions and recommendations, are to be sent so as to be
received by the clerk of this court not later than April 22, 2004. 

 

 Per Curiam

Do not publish.



s"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0257-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C 

 

 JUNE 1, 2011



 

 



 

 

OLIVIA REYES TIENDA, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 

 



 

 FROM THE 137TH DISTRICT
COURT OF LUBBOCK COUNTY;

 

NO. 2009-422,182; HONORABLE CECIL G. PURYEAR, JUDGE



 

 



 

Before QUINN, C.J., and HANCOCK and
PIRTLE, JJ.

 

 

MEMORANDUM OPINION

            Following a
jury trial, Appellant, Olivia Reyes Tienda, was convicted of credit card abuse,[1] a state jail felony, and
sentenced to two years confinement.  In a
single issue, Appellant asserts the trial court erred in admitting her written
statement to law enforcement into evidence at trial without redacting two
statements pursuant to Rule 403 of the Texas Rules of Evidence.[2]  We affirm.   

Background

            In January 2009, a Lubbock County Grand
Jury returned an indictment alleging that, on or about November 20, 2008,
Appellant presented an American Express credit card to David Miller,[3]
with intent to fraudulently obtain a benefit, knowing that the credit card had
not been issued to her, and with knowledge that the card was being used without
the effective consent of the cardholder, Martha Van Zandt.

            In
a two day trial, the jury heard evidence from two Target employees, Van Zandt,
and three police officers.  The evidence
showed that, on November 20, 2008, Appellant attempted to purchase more than
$3,600 worth of electronic goods at Target using an American Express credit
card issued to Van Zandt.  When the card
was declined, the cashier sought assistance from Jason Vasquez, a Target
supervisor.  Vasquez continued to swipe
the card and it continued to be declined. 
As he was doing so, persons accompanying Appellant took two carts loaded
with electronic goods to their car to load. 
Vasquez informed Appellant the goods would have to be returned and he
then asked Miller to assist him.  

            Miller
proceeded to the front of the store and observed two cars pull up to the
store's entrance.  The occupants got out
of the cars and began unloading the merchandise into carts.  Miller took the merchandise into the store
and later determined that electronic goods worth approximately $390 were
missing.  The entire transaction was
videotaped and Appellant was identified by several witnesses as the person attempting
to use the American Express credit card. 


            In
November 2008, Van Zandt, age seventy-seven, had recently undergone hip
surgery.  She sought a housekeeper and
found Appellant through the newspaper. 
Thereafter, Appellant cleaned her house three or four times.  When a Target representative called asking
whether she had given permission to anyone to use her American Express credit
card, she told them, "No."  She
testified that Appellant was the only one, other than her husband, to have
access to her bedroom where she kept the credit card in her dresser
drawer.  

            During
the testimony of Detective Tammie McDonald, over Appellant's objection, the
State introduced Appellant's written statement given on December 10, 2008.  Specifically, Appellant sought to redact two
statements:  "I know with my
background I may not have a leg to stand on, but I am innocent," and
"People have not judged me for my background."  Her attorney argued that the word
"background" injected "some possibility of bad conduct or misconduct
or an implication of something," and sought redaction under Rules 404(b),
402 and 401 of the Texas Rules of Evidence. 
The trial court overruled Appellant's objection and admitted the entire
statement.

            Thereafter,
the jury convicted Appellant and the trial court sentenced her to two years
confinement.  This appeal followed.

Discussion

            Appellant asserts the trial court
erred because it failed to redact portions of her written statement to law
enforcement because the statements "injected some possibility of bad
conduct or misconduct or an implication of something."  Further, Appellant contends the statements
were irrelevant and any probative value was substantially outweighed by the
danger of unfair prejudice and confusion of the issues.[4]

            To
obtain reversal of a conviction based on an alleged error in the admission of
evidence, an appellant must show that the trial court's ruling was in error and
that the error harmed the appellant, i.e., that it affected his or her
substantial rights.  See Tex. R. App. P. 44.2(b); Ladd
v. State, 3 S.W.3d 547, 568 (Tex.Crim.App. 1999), cert. denied, 529 U.S. 1070, 120 S.Ct. 1680, 146 L.Ed.2d 487
(2000).  In assessing harm, an appellate
court considers everything in the record, including testimonial and physical
evidence admitted for the jury's consideration, the nature of the evidence
supporting the verdict, and the character of the alleged error and how it might
be considered in connection with other evidence in the case.  Motilla
v. State, 78 S.W.3d 352, 355 (Tex.Crim.App. 2002) (citing Morales v. State, 32 S.W.3d 862, 867
(Tex.Crim.App. 2000)).  

            Having
reviewed the entire record and summarized the evidence at trial above, we are
confident that even if the trial court's admission of the statements was error,
the admission of that evidence did not have a substantial or injurious
influence on the jury's decision to convict her of credit card abuse.  See
Tex. R. App. P. 44.2(b); Solomon v. State,
49 S.W.3d 356, 365 (Tex.Crim.App. 2001) ("We have determined that
substantial rights are not affected by the erroneous admission of evidence if
the appellate court, after examining the record as a whole, has fair assurance
that the error did not influence the jury, or had but a slight effect.")  See
also King v. State, 953 S.W.2d 266, 271 (Tex.Crim.App. 1997) (disregarding
the erroneous admission of evidence if that evidence did not have a substantial
or injurious influence on the jury's decision). 
Accordingly, Appellant's single issue is overruled. 

Conclusion

            The
trial court's judgment is affirmed. 

            

 

                                                                                    Patrick
A. Pirtle

                                                                                          Justice

 

Do not publish.











[1]See Tex. Penal Code Ann. § 32.31 (West
2003).





[2]In
this proceeding, the State did not file a brief nor request additional time to
do so.  Accordingly, we have conducted an
independent analysis of the merits of Appellant's claim of error, limited to
the arguments raised at trial by the State, to determine if there was
error.  See Little v. State, 246 S.W.3d 391,
397-98 (Tex.App.--Amarillo 2008, no pet.). 
The decision to independently review the merits of Appellant's issue
should not be construed as approval of the State's failure to file a
brief.  See Tex. Code Crim. Proc. Ann. art.
2.01 (West 2005) ("Each district attorney shall represent the State in all
criminal cases in the district courts of his district and appeals therefrom . .
. .) 





[3]Miller
testified that he was the asset protection manager at a Target store where the
events the subject of this case occurred.





[4]Although
Appellant's objection at trial was limited to relevancy under Rules 401 and 402
and character evidence generally under Rule 404, in the interest of justice, we
will consider Appellant's argument that, although the evidence may have been
relevant, its probative value was substantially outweighed by the danger of
unfair prejudice under Rule 403.  See Tex. R. Evid. 401,
402, 403, 404.